Richard Morin (SBN 285275)
Law Office of Rick Morin, PC
500 Newport Center Drive Suite 610
Newport Beach, CA 92660
Phone: (949) 996-3094
Email: legal@rickmorin.net

Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Laura Susan Hastings,<br><br>　　　　　Plaintiff,<br>　v.<br><br>Local Tap House LLC,<br><br>　　　　　Defendant. | Case No. **'24CV0680 BAS DEB**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |

Plaintiff Laura Susan Hastings ("Plaintiff") alleges the following:

## INTRODUCTION

Plaintiff brings this action against Defendant Local Tap House LLC ("Defendant") for unlawfully and intentionally discriminating against Plaintiff because of Plaintiff's disability and service animal and denying Plaintiff full and equal access to the Local Tap House located at 308 South Coast Highway in Oceanside, California. ("Local Tap House").

## PARTIES

1. Plaintiff is a natural person. Plaintiff is and has been considered disabled.

2. Defendant is a California limited liability company with its principal address in Encinitas, California. At all times relevant to this complaint, Defendant

owned, managed, operated, and/or was otherwise responsible for Local Tap House.

## JURISDICTION AND VENUE

3. The Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) & (a)(4) for violations of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, et seq.

4. Pursuant to supplemental jurisdiction, 28 U.S.C. § 1367, an attendant and related cause of action, arising from the same nucleus of operative facts and arising out of the same transactions, is also brought under California state law.

5. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and is founded on the fact that the Local Tap House is in this district and Plaintiff's cause of action arose in this district.

## FACTUAL ALLEGATIONS

6. Plaintiff is disabled. Plaintiff suffers from a physical impairment that substantially limits one or more major life activity. Specifically, Plaintiff is deaf.

7. Plaintiff utilizes bilateral cochlear implants which helps Plaintiff communicate in public.

8. Plaintiff also utilizes a professionally trained signal dog. Plaintiff's signal dog is specifically trained to alert Plaintiff to sounds like doorbells, cell phone, tea pot, water running, and fire alarms. Moreover, if someone is behind Plaintiff, she can tell the way the dog reacts.

9. Plaintiff's signal dog was trained by and with the help of Canine Companions.

10. On March 10, 2024, Plaintiff personally visited Local Tap House located at 308 South Coast Highway in Oceanside, California. Plaintiff was there with her signal dog and her boyfriend to eat a meal.

11. Upon arriving at Local Tap House, one of Defendant's employees told Plaintiff that she would have to sit outside because of the presence of Plaintiff's signal dog.

12. Plaintiff calmly responded that her dog was in fact a service dog and that service dogs are allowed inside of restaurants. Moreover, Plaintiff told Defendant's employee that she is a hearing dog trained to help with Plaintiff's disability. Nonetheless, Defendant's employee insisted that Plaintiff sit outside.

13. Frustrated and hungry, Plaintiff relented and went to the outside seating area of Defendant's restaurant. However, Defendant was not offering food service at the outside seating area.

14. After about 15 minutes, a sympathetic employee approached Plaintiff and offered to fetch some food for Plaintiff and her boyfriend.

15. This entire experience left Plaintiff frustrated and embarrassed.

16. It is difficult enough for Plaintiff to navigate the world with her disability, but Defendant's discriminatory actions ruined Plaintiff's experience that day and left Plaintiff feeling like a second-class citizen.

17. Plaintiff believes and alleges that other disabled individuals have had similar problems at the Local Tap House with their service animals.

18. At all times relevant to this Complaint, Plaintiff's signal dog was leashed and wearing a vest identifying the dog as a trained service animal from Canine Companions.

19. Plaintiff lives in Carlsbad, California, approximately 10 minutes from the Local Tap House.

20. Plaintiff has been to Local Tap House several times over the years, and she enjoys the food and experience at the restaurant.

21. Plaintiff would like to return to Defendant's business in the future once Defendant ceases its discriminatory treatment of deaf individuals utilizing signal dogs.

22. A disabled person's service dog is not merely a companion, but an integral part of their daily life and functioning. To many, it's like an extension of their very person. This bond goes beyond the emotional connection that many have with pets; it's a lifeline to normalcy, empowerment, and self-reliance. Depriving a person of their

service dog is akin to removing a crucial tool they rely on for day-to-day activities. Refusing a person's right to their service dog not only undermines the person's ability to interact with the world around them but also infringes on their dignity and rights.

## FIRST CAUSE OF ACTION

Violations of the Americans with Disabilities Act

42 U.S.C. § 12101, et seq.

23. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

24. Title III of the ADA bans disability discrimination against an individual in places of public accommodation.

25. The Local Tap House is a public accommodation.

26. The ADA prohibits, among other types of discrimination, failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities.

27. Defendant has a policy that restricts and denies access to persons like Plaintiff.

28. Defendant's conduct knowingly and willfully excluded Plaintiff from equal access to the public accommodation.

29. As a result of Defendant's conduct, denying Plaintiff equal access to the Local Tap House, Plaintiff faces continuing discrimination. Plaintiff continues to suffer denial of access and faces the prospect of unpleasant and discriminatory treatment should Plaintiff attempt to return to the Local Tap House.

30. It is readily achievable for Defendant to provide Plaintiff and other disabled people like Plaintiff full and equal access to the Local Tap House.

31. Defendant does not have any legitimate business justification to excuse the denial of Plaintiff's equal access.

32. Plaintiff seeks relief pursuant to remedies set forth in section 204(a) of the

Civil Rights Act of 1964 (42 USC 2000(a)-3(a)), and pursuant to Federal Regulations adopted to implement the Americans with Disabilities Act of 1990. Plaintiff is a disabled person for purposes of the ADA who is being subjected to discrimination on the basis of disability in violation of Title III and who has reasonable grounds for believing Plaintiff will be subjected to such discrimination each time that Plaintiff may use the property and premises, visit, or attempt to patronize the Local Tap House, in light of Defendant's conduct.

33. Defendant's acts have proximately caused and will continue to cause irreparable injury to Plaintiff if not enjoined by this Court.

34. Plaintiff seeks injunctive relief as to Defendant's inaccessible policies. Plaintiff seeks preliminary and permanent injunctive relief to enjoin and eliminate the discriminatory practices that deny full and equal access for disabled persons. Further, Plaintiff seeks an award of reasonable statutory attorney fees, litigation expenses, and costs.

## SECOND CAUSE OF ACTION

Violations of the Unruh Civil Rights Act

California Civil Code §§ 51-53

35. Plaintiff hereby incorporates the previous paragraphs as if they had been fully stated herein.

36. Defendant intentionally discriminated against Plaintiff, denying Plaintiff full and equal access to the Local Tap House.

37. Local Tap House is a business establishment.

38. The Unruh Act provides that a violation of the ADA is a violation of the Unruh Act. Cal. Civ. Code 51(f).

39. Defendant's acts and omissions as specified with regard to the discriminatory treatment of Plaintiff, on the basis of Plaintiff's disabilities, have been in violation of California Civil Code §§ 51 and 51.5, the Unruh Civil Rights Act, and have denied Plaintiff's right to full and equal accommodations, advantages, facilities,

privileges, or services in all business establishments of every kind whatsoever.

40. Plaintiff was harmed.

41. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

42. Defendant's conduct violated the ADA.

43. As a result of the violation of Plaintiffs civil rights protected by California Civil Code §§ 51 and 51.5, Plaintiff is entitled to the rights and remedies of California Civil Code § 52, including a trebling of actual damages, minimum statutory damages, as well as reasonable attorneys' fees and costs, as allowed by statute, according to proof.

44. Plaintiff also seeks to enjoin Defendant from violating disabled persons' rights.

## PRAYER

Plaintiff hereby prays for the following:

1. Injunctive relief enjoining Defendant from engaging in unlawful discrimination against disabled persons with service animals when visiting the Local Tap House, including, specifically, enjoining its policy of denying access to persons with service animals access to the Local Tap House without performing a good faith assessment of the reasonableness of modifying it policies to accommodate such disabled person; in addition injunctive relief compelling Defendant to establish and follow, in good faith, a policy to conduct a good faith assessment when evaluating a visitor with a service animal and/or other such injunctive relief as the deems appropriate;

2. Damages of no less than $25,000;

3. Attorney's fees pursuant to 42 U.S.C. 12205, Civil Code sections 52, Code of Civil Procedure section 1021.5, and/or other statute(s), expenses, and costs of suit;

4. Other relief that the court deems appropriate.

Dated: April 15, 2024          Law Office of Rick Morin, PC

_____
Richard Morin
Attorney for Plaintiff